UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STICKY HOLSTERS, INC.,

      Plaintiff,

v.                    Case No: 2:15-cv-648-FtM-29CM

ACE CASE MANUFACTURING, LLC
and STANLEY D. PLATTS,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant
Stanley Platts' Motion to Dismiss for Lack of Personal Jurisdiction
(Doc. #8) filed on December 11, 2015. Plaintiff filed an Amended
Response and Memorandum of Law in Opposition to Defendant Stanley
D. Platts' Motion to Dismiss for Lack of Personal Jurisdiction
(Doc. #13) on January 15, 2016. Also before the Court is
plaintiff's Motion to Dismiss Ace Case Manufacturing, LLC's
Counterclaim (Doc. #14) filed on January 26, 2016. Ace Case
Manufacturing, LLC's filed a Memorandum in Opposition (Doc. #19)
on February 19, 2016.

## I.  Background

Plaintiff, Sticky Holsters, Inc. ("Sticky Holsters" or
"plaintiff") brought this action against Ace Case Manufacturing,
LLC ("Ace") and Stanley D. Platts ("Platts") for trademark

infringement and unfair competition arising out of the design of a holster for electronic devices and firearms. (Doc. #1.) Plaintiff is a Florida corporation with its principal place of business in Collier County, Florida, that is in the business of manufacturing and selling specialized holsters to carry personal electronic devices and firearms. (Id. ¶ 2.) Plaintiff alleges that Ace is a Missouri corporation with its principal place of business in Franklin County, Missouri and is in the business of manufacturing and/or marketing and selling holsters for firearms. (Id. ¶ 3.) Platts is an individual that resides in St. Louis County, Missouri and is the principal officer and/or owner of Ace. (Id. ¶ 4.) Plaintiff asserts jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, and 28 U.S.C. § 1367. (Id. ¶ 5.)

Plaintiff alleges that it is a well-recognized manufacturer and seller of holsters for hand-held personal electronic devices and firearms that are intended to be carried on or near a given user's person. (Id. ¶ 8.) Since February 2011, Sticky Holsters has continuously used the distinctive Sticky Holsters trademark to market its holster products sold in the United States and throughout the world. (Id. ¶ 9.) Plaintiff alleges that it has devoted substantial time, effort, and resources to the development, marketing, and promotion of the Stick Holsters trademark and the holster products bearing and sold under the Sticky Holsters trademark. (Id. ¶ 10.) Plaintiff alleges that as

a result of said efforts, the public and markets for Sticky Holsters' products recognize and rely upon the Sticky Holsters trademark as an indication of the origin, quality, and function of Sticky Holsters' products. (Id. ¶ 11.)  The United States Patent & Trademark Office issued U.S. Trademark Registration No. 4,427,517 to plaintiff for use of the Sticky Holsters trademark in connection with "specialty holsters for carrying electronic devices" and "holsters for carrying guns and gun accessories." (Id. ¶ 13; Doc. #1-1, p. 1.)

Ace is a manufacturer and/or marketer and reseller of holster products for carrying firearms and related accessories. (Doc. #1, ¶ 14.)  Plaintiff alleges that as early as 2012, Ace unlawfully and without authorization, represented that it manufactured and/or was authorized to offer "Sticky Holsters" for sale. (Id. ¶ 15.) In September of 2014, after becoming aware that Ace was unlawfully using Sticky Holsters' trademark, or confusingly similar marks, without authorization, Sticky Holsters demanded that Ace cease and desist any and all unlawful and unauthorized use of Sticky Holsters' trademark. (Id. ¶ 16.) At least on September 17, 2014, Platts, acting on behalf of Ace, sent correspondence to Sticky Holsters' counsel representing that it had discontinued any and all use of the phrase "Sticky Holster" or "Sticky" in conjunction with the marketing of its holster products. (Id. ¶ 17.) Plaintiff alleges that it relied upon Ace's false representations that Ace

had discontinued the use of the phrase "Sticky Holsters" and the term "Sticky" in conjunction with its holster sales and that the terms had been removed from Ace's website(s). (Id. ¶ 18.)   In reliance on Platts' false representations, Sticky Holsters discontinued its investigation and took no immediate further action. (Id.)

As of October 12, 2015, Ace was still using the term "Sticky" and the phrase "Sticky Holsters" in its marketing and search engine optimization. (Id. ¶ 19.)   Plaintiff alleges that Platts and Ace's continued use of Sticky Holsters' trademark after they were advised of the Sticky Holsters' registered trademark was intentional and willful. (Id.)   The confusion created by Platts and Ace continues to damage Sticky Holsters. (Id. ¶ 21.)

On October 16, 2015, plaintiff filed suit against Ace and Platts asserting the following claims:  (1) Fraud against Platts; (2) Trademark Infringement under the Lanham Act against Ace; (3) Unfair Competition under the Lanham Act against Ace; and (4) Common Law Unfair Competition against Ace.  (Doc. #1.)   On December 10, 2015, defendant Ace filed an Answer and Affirmative Defenses to plaintiff's Complaint (Doc. #7) and on December 15, 2015, Ace filed a Counterclaim against Sticky Holsters, Inc. seeking a declaratory judgment of non-infringement and trademark invalidity. (Doc. #11.) On December 11, 2015, defendant Platts filed a Motion to Dismiss. (Doc. #8.)   On January 14, 2016, plaintiff filed a Response in

Opposition to Platts' Motion to Dismiss (Doc. #12), and an amended Response (Doc. #13) was filed on January 15, 2016.  On January 26, 2016, Sticky Holsters filed a Motion to Dismiss Ace's Counterclaim (Doc. #14), to which Ace filed a Response in Opposition (Doc. #19) on February 19, 2016.

## II. Platts' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court must conduct a "two-step inquiry when determining whether the exercise of personal jurisdiction over a nonresident defendant is proper." Thomas v. Brown, 504 F. App'x 845, 847 (11th Cir. 2013) (citing Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005)).

> First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied.  If the requirements of the long-arm statute are satisfied, the court must inquire as to, (1) whether defendant has established sufficient "minimum contacts" with the state of Florida; and (2) whether the exercise of this jurisdiction over defendant would offend "traditional notions of fair play and substantial justice."

Future Tech. Today, Inc. v. OSF Health Care Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) (per curium) (citations omitted).  The mere fact that the plaintiff meets the requirements of the Florida long-arm statute for obtaining jurisdiction over nonresidents does not in and of itself satisfy the due process requirement of minimum

contacts.  Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1207 (Fla. 2010)(citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)).

"The plaintiff bears the burden of making out a prima facie case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion."[1] Thomas, 504 F. App'x at 847 (citing Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006)).  "First, the plaintiff must allege sufficient facts in [its] complaint to

---

[1] On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion.  If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.  On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.  A mere scintilla of evidence is insufficient to present a question for the jury.  The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict.  There must be a conflict in substantial evidence to create a jury question.

Miles v. Tenn. River Pulp and Paper Co., 862 F.2d 1525, 1528 (11th Cir. 1989)(citing Kaye v. Pawnee Constr. Co., 680 F.2d 1360, 1364 (11th Cir. 1982); Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969)).

initially support long arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute." Future Tech. Today, Inc., 218 F.3d at 1249 (citation omitted).  If the defendant sustains its burden by raising "a meritorious challenge to personal jurisdiction" "through affidavits, documents[,] or testimony," the burden shifts back to the plaintiff.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996).  Plaintiff is then required to "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." Future Tech. Today, Inc., 218 F.3d at 1247 (citation omitted).  If in conflict, "the district court must construe all reasonable inferences in favor of the plaintiff." Thomas, 504 F. App'x at 847 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

## A.   Florida's Long-Arm Statute

Platts argues that plaintiff cannot establish general jurisdiction nor specific jurisdiction under Florida's long-arm statute.[2] (Doc. #8, pp. 10-11.)  Alternatively, Platts argues that

---

[2] Although Platts argues that plaintiff cannot establish general jurisdiction under Florida's long-arm statute (Doc. #8, pp. 10-11), plaintiff states that it is only asserting specific jurisdiction under Fla. Stat. § 48.193(1)(a)2 — the tortious activity provision.  (Doc. #13, p. 8.)  Accordingly, the Court will only address this provision.

even if plaintiff can sufficiently establish general or specific jurisdiction under Florida's long-arm statute, personal jurisdiction over Platts is precluded by the Corporate Shield Doctrine. (Id. at 11-13.)  Plaintiff argues to the contrary. (Doc. #13.)

The relevant portion of Florida's Long-Arm Statute provides the following:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> . . .
>
> 2. Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)2.  Under Florida law, it is well established that physical presence in Florida is not required to commit a tortious act in Florida. Internet Sols. Corp., 39 So. 3d at 1207.  Further, "telephonic, electronic, or written communications into Florida may form the basis for personal jurisdiction under section [48.193(1)(a)] if the alleged cause of action arises from the communications." Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002). See also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd., 579 F. App'x 779, 786 (11th Cir. 2014). Where the tort is based upon a defendant's out of state communications into Florida, however, "there must be some

connexity that exists between the out-of-state communications and the cause of action such that the cause of action would depend upon proof of either the existence or the content of any of the communications . . . into Florida." Horizon Aggressive Growth, L.P., 421 F.3d at 1168 (citation omitted). See also Williams Elec. Co. v. Honeywell, Inc., 854 F.2d 389, 394 (11th Cir. 1988) ("For personal jurisdiction to attach under the 'tortious activity' provision of the Florida long-arm statute, the plaintiff must demonstrate that the non-resident defendant 'committed a substantial aspect of the alleged tort in Florida.'") (quoting Watts v. Haun, 393 So. 2d 54, 56 (Fla. 2d DCA 1981)).

Count I of plaintiff's Complaint, alleging fraud, is the only count asserted against Platts. (Doc. #1, ¶¶ 23-32.) Plaintiff indicates that it is asserting personal jurisdiction based on defendant's commission of a tortious act within the state of Florida. (Id. ¶ 7.) Plaintiff also alleges that "[a]t least on September 17, 2014," Platts falsely represented to plaintiff that Ace was not using, and had no intention of using, plaintiff's trademark, the term "sticky," or any confusingly similar phrase in connection with the sale of holsters. (Id. ¶¶ 17, 25-26; see Doc. #1-4.) This is sufficient to allege personal jurisdiction under Fla. Stat. § 48.193(1)(a)2.

In his motion and accompanying sworn Affidavit, Platts asserts that he did not author, review, or sign the September 17,

2014 correspondence that is relied upon in count I. (Doc. #8, p. 11; Doc. #8-1, ¶ 10.) Accordingly, Platts argues there is no basis to assert personal jurisdiction over him as he did not commit a tort within Florida.  In response, plaintiff has provided copies of emails between "Stan Platts" and "Kevin Dees" and between "Mike Sticky" and "Stan Platts" and a sworn Affidavit of Michael J. Christoff, the President and CEO of plaintiff.[3]  (Docs. ##13-2, 13-3.)  Plaintiff points out that the September 17, 2014 correspondence was on Platts' letterhead, contained his name, typed, at the bottom, and was delivered as an attachment from Platts' email address into Florida. (Doc. #13, pp. 2-3; Doc. #13-2.)  Plaintiff also points out that the September 17, 2014 letter is not the only correspondence relied upon for their fraud claim against Platts. (Doc. #13, p. 3.) Platts also sent correspondence into Florida containing false representations on September 18, 2013 and October 18, 2013 stating that Ace had changed all of the wording on its website and invoices to remove "sticky" words. (Doc. #13-3, p. 4.) Platts has not provided explanations as to why the September 17, 2014 correspondence was delivered via his email address or why the other correspondence that he allegedly sent into Florida does not support personal jurisdiction.  The

---

[3] Kevin Dees is counsel for plaintiff.

Court finds that plaintiff has met its burden and provided sufficient evidence to support a finding of personal jurisdiction under Florida's long-arm statute sufficient to withstand a motion for directed verdict.

Platts next argues that the Corporate Shield Doctrine precludes the exercise of personal jurisdiction over him for acts performed in his capacity as a corporate employee. (Doc. #8, pp. 11-13.) Plaintiff responds that the Corporate Shield Doctrine does not protect Platts because plaintiff has asserted a claim for fraud against him individually. (Doc. #13, p. 10.)

Under the Corporate Shield Doctrine, "acts of a corporate employee performed in his corporate capacity cannot form the basis for personal jurisdiction over the corporate employee in his individual capacity." Doe v. Thompson, 620 So. 2d 1004, 1006 (Fla. 1993). "A corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction, however." Id. at 1006 n.1. Here, plaintiff has brought a claim for fraud against Platts. Florida law excludes claims for fraud from the purview of the Corporate Shield Doctrine. Accordingly, plaintiff has satisfied Florida's long-arm statute.

## B.  Constitutional Due Process

Once Florida's long-arm statute has been satisfied, the Court must then determine if exercising personal jurisdiction over the defendant would comport with the due process requirements of the

11

Fourteenth Amendment. _Meier ex rel. Meier v. Sun Int'l Hotels, Ltd._, 288 F.3d 1264, 1274 (11th Cir. 2002). _See Internet Sols. Corp._, 39 So. 3d at 1207 ("The mere proof of any one of the several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts.") (citing _Venetian Salami Co. v. Parthenais_, 554 So. 2d 499, 502 (Fla. 1989)). "Due process requires that a non-resident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." _Meier_, 288 F.3d at 1274 (citing _Int'l Shoe v. Washington_, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction categories: general jurisdiction and specific jurisdiction. General jurisdiction may be exercised over a defendant where its contacts with the forum state are so continuous and systematic as to justify suit against it arising from dealings entirely distinct from those contacts. _Damier AG v. Bauman_, 134 S. Ct. 746, 754 (2014); _Helicopteros Nacionales de Columbia, S.A. v. Hall_, 466 U.S. 408, 414 n.9 (1984). Specific jurisdiction may be exercised where the suit arises out of the defendant's contacts with the forum state. _Burger King Corp. v. Rudzewicz_, 471 U.S. 462, 472-73 (1985). Here, plaintiff is attempting to assert specific jurisdiction over

Platts.  In specific jurisdiction cases, the Court applies a three-part due process test, which examines:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted).  The Court will address each prong in turn.

### 1)   "Arise Out of" or Relatedness

"[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." Id. Here, plaintiff's fraud claim arises out of Platts' allegedly false representations contained in correspondence sent to plaintiff in Florida.  This is sufficient to establish that plaintiff's claims arise out of Platts' contacts with Florida.

### 2)   Purposeful Availment

"The 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.'" Burger King Corp., 471 U.S. at 475 (citations omitted).  The Eleventh

Circuit has identified two different tests for determining whether the "purposeful availment" prong is satisfied in intentional tort cases.  _Mosseri_, 736 F.3d at 1357.  Only one of which, however, needs to be satisfied to justify the exercise of personal jurisdiction. _Id._  The first test is the "effects test," set out by the Supreme Court in _Calder v. Jones_, 465 U.S. 783 (1984).  The other test is pursuant to the "traditional minimum contacts test." _Mosseri_, 736 F.3d at 1356.

Under the _Calder_ effects test, "a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state."  _Mosseri_, 736 F.3d at 1356.  The effects test requires that the tort: (1) be intentional, (2) be aimed at the forum state, and (3) cause harm that defendant should have anticipated would be caused in the forum state. _Id._ (citing _Licciardello v. Lovelady_, 544 F.3d 1280, 1285-86, 1287-88 (11th Cir. 2008)).  As recognized by the Eleventh Circuit, a number of Florida courts have held that that "where a defendant's tortuous conduct is intentionally and purposefully directed at a resident of the forum, the minimum contacts requirement is met, and the defendant should anticipate being haled into court in that forum." _Licciardello_, 544 F.3d at 1287 (quoting _New Lenox Indus. v. Fenton_, 510 F. Supp. 2d 893, 904 (M.D. Fla. 2007)).

Plaintiff alleges that Platts knowingly made false representations to plaintiff intending that plaintiff rely on said representations. (Doc. #1, ¶¶ 25-30.)  Plaintiff further alleges that plaintiff relied upon the representations and was thereby damaged. (Id. ¶¶ 31-32.)  Plaintiff is a Florida corporation with its principal place of business in Florida. (Id. ¶ 2.)  The Court finds that these allegations are sufficient to satisfy the Calder effects test.  Because the Court finds that plaintiff has satisfied one of the purposeful availment tests, it need not conduct an analysis under the other. Mosseri, 736 F.3d at 1357.

### 3)  Fair Play and Substantial Justice

In addition to finding minimum contacts with the forum state, the Court must also determine whether the exercise of personal jurisdiction over the nonresident defendant comports with traditional notions of fair play and substantial justice under the principles established in International Shoe and its progeny. Meier, 288 F.3d at 1276 (citation omitted).  In determining whether the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice, the Court looks at the following factors:  "the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." Licciardello, 544

F.3d at 1288 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

Platts argues that due to his advanced age of seventy-six, litigating this dispute in Florida would be burdensome. (Doc. #8, p. 8.)  The Court acknowledges that due to Platts' age, litigating in Florida may be more burdensome than it would be on an individual of younger years.  Despite this minimal burden, the Court finds that the other factors support the exercise of personal jurisdiction over Platts.  First, Florida has a strong interest in hearing the case and protecting Florida residents and corporations from intentional torts committed by out-of-state actors.  Burger King Corp., 471 U.S. at 473 ("A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors.").  Additionally, plaintiff, a Florida corporation located in Florida, has an strong interest in litigating in the case in its choice of forum and where it is located.

Accordingly, Platts' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. # 8) is denied.

## III. Sticky Holsters, Inc.'s Motion to Dismiss Ace Case Manufacturing, LLC's Counterclaim

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." Geter v. Galardi S. Enters., Inc.,

16

43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) (citation omitted). Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being

facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

On December 15, 2015, Ace filed a two-count Counterclaim against Sticky Holsters. (Doc. #11.) Count I seeks a declaratory judgment for non-infringement and count II seeks a declaratory judgment for trademark invalidity. (Id.) Sticky Holsters moves to dismiss Ace's counterclaim, arguing that Ace's claims for declaratory judgment are redundant and duplicative of its affirmative defenses and that Ace has failed to state a claim for which relief can be granted. (Doc. #14.)

### A. Ace's Counterclaims Are Not Redundant and Duplicative of Its Affirmative Defenses

Plaintiff first moves to dismiss Ace's Counterclaim on the basis that the Counterclaim is duplicative and redundant of Ace's affirmative defenses. (Id. at 3-6.) Specifically, plaintiff argues that Ace's affirmative defenses already seek to establish that Ace has not infringed upon Sticky Holsters' trademark and that Sticky Holsters' trademark is not protectable. (Id. at 6.) Ace responds that its Counterclaim establishes the predicate for

determining the invalidity and seeks relief different than that requested in its Affirmative Defense.  (Doc. #19, pp. 2-4.)

A court has broad discretion over whether or not to exercise jurisdiction over claims for declaratory judgment.  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007); Knights Armament Co. v. Optical Sys. Tech., Inc., 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008).  "If a district court determines that a complaint requesting a declaratory judgment will not serve a useful purpose, the court cannot be required to proceed on the merits before dismissing the complaint."  FairWarning IP, LLC v. CynergisTek, Inc., No. 8:15-cv-100-T-23AEP, 2015 WL 5430355, at *2 (M.D. Fla. Sept. 14, 2015) (quoting Medmarc Cas. Ins. V. Pineiro & Byrd PLLC, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011)), appeal docketed, No. 16-1096 (Fed. Cir. Oct. 23, 2015); Knights Armament Co., 568 F. Supp. 2d at 1374-75 ("The Court's discretion over whether to sustain a claim for declaratory judgment extends to cases where a direct action involving the same parties and the same issues has already been filed.").  In determining whether a declaratory judgment action serves a useful purpose, the court should determine "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim."  Medmarc, 783 F. Supp. 2d at 1217 (citation omitted).

Within its Counterclaim, Ace requests the Court cancel Sticky Holsters' trademark.  This is affirmative relief requested by Ace that cannot be awarded by way of its affirmative defenses.  Because Ace is seeking relief in its Counterclaim that is not otherwise available to it, the Court finds that Ace's Counterclaim serves a useful purpose.  Accordingly, the Court denies plaintiff's Motion to Dismiss Ace's Counterclaim.

**B.   Ace's   Standing   for   Cancellation   of   Trademark Registration**

Plaintiff next alleges that Ace lacks standing to seek cancellation of Sticky Holsters' trademark.  (Doc. #14.)

In order to seek cancellation of trademark registration, a party must allege "(1) [t]hat it has standing to petition for cancellation because it is likely to be damaged, and (2) that there are valid grounds for discontinuing the registration." Coach House Rest., Inc. v. Coach & Six Rests., Inc., 934 F.2d 1551, 1558 (11th Cir. 1991).  It is well established that "a petitioner seeking cancellation of a mark has standing if it has prior rights in a similar mark." Id. at 1557.  "In determining standing, the issue is not necessarily whether the party seeking cancellation is entitled to registration or owns the mark, but rather whether the presumptions flowing from the registration are damaging to the party's legal and continuous use of the term." Z Prods., Inc. v. SNR Prods., Inc., No. 8:10-CV-699-T-23MAP, 2011 WL 3754963, at *7

(M.D. Fla. Apr. 18, 2011) (citing Coach House Rest., Inc., 934 F.2d at 1557)).

Here, the Court finds that Ace has sufficiently alleged standing. Ace has alleged that it is in competition with plaintiff, that Ace's use of the adjective "sticky" to describe one type of holster it sells predates, or was concurrent with, any USPTO registration of the mark "sticky holsters," in applying for its trademark with the USPTO, plaintiff failed to disclose certain important information regarding the mark being pursued, and plaintiff has since filed suit against Ace alleging trademark infringement and unfair competition under the Lanham Act and state common law. (Doc. #11, ¶¶ 9, 10, 26-32.) Additionally, contrary, to plaintiff's assertions, "there is no requirement that damage be proved in order to establish standing or to prevail in a cancellation proceeding." Int'l Order of Job's Daughters v. Lindeburg & Co., 727 F.2d 1087, 1092 (Fed. Cir. 1984).

Accordingly, the Court finds that Ace has sufficiently alleged standing for its cancellation of trademark claim.

Accordingly, it is now

**ORDERED:**

1.   Defendant Stanley Platts' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #8) is **DENIED.** Defendant Stanley Platts shall file a responsive pleading within **ten (10) days** of this Opinion and Order.

2.     Plaintiff Sticky Holsters, Inc.'s Motion to Dismiss Ace Case Manufacturing, LLC's Counterclaim (Doc. # 14) is **DENIED**. Plaintiff shall file a responsive pleading to Ace's Counterclaim within **ten (10) days** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of record